JOHN DOE, on the demise of THE TOWN OF SEAFORD, a corporation of the State of Delaware TRUSTEE OF BOACHIM BURIAL GROUND *vs.* RICHARD ROE, Casual Ejector and JESSE A. WRIGHT, Tenant in Possession.

*Trust Estate—Death of Trustees—Appointment of Municipal Corporation as Successors.*

In 1818 certain lands in the town of S. were deeded to L. and other trustees and their successors in trust for a public burial ground. The trustees and last survivor of them being deceased, the Legislature, by *Chap.* 197, *Vol.* 25, *Laws of Del.* 392, undertook to vest the trust estate in the town of S. for the purpose of carrying out the trust. Subsequently, the Chancellor, upon petition, appointed the said town of S., trustee of said burial ground. By *Chap.* 194, *Vol.* 23, *Laws of Del.* 417, the said town of S. is authorized to purchase and hold lands in fee simple or otherwise and to dispose of the same. It was *held* that the said town of S. was, under said acts of Assembly clothed with capacity to take and hold said burial ground as trustee under the appointment made by the Chancellor.

*(February 18, 1910.)*

Judges BOYCE and CONRAD sitting.

*Charles W. Whiley, Frank M. Jones* and *C. W. Cullen* for plaintiff.

*Robert C. White* and *James M. Tunnell* for defendant.

Superior Court, Sussex County, February Term, 1910.

ACTION OF EJECTMENT (No. 11, October Term 1909).

Verdict and judgment for plaintiff. Writ of error sued out by defendant.—See 2 Boyce.

At the trial, when the plaintiff rested, counsel for the defendant moved for a nonsuit, which was refused. The defendant not offering any evidence, the Court, at the request of counsel for the plaintiff, instructed the jury to return a verdict of guilty.

BOYCE, J., delivering the opinion of the Court:

Counsel for the defendant objected to the admission of the record of the petition, preferred to the Chancellor, and of his order, made therein appointing "The Town of Seaford" trustee of the premises therein mentioned, known as the "Boachim Burial Ground," within the corporate limits of the said "The Town of Seaford." It is conceded that the said premises are the same which are involved in this action and that the said appointment was made subsequent to the passage of *Chapter* 197, *Vol.* 25, *Laws of Delaware*, *p.* 392. It was contended that the said record should not be admitted in evidence because the said corporation, being a municipal corporation, did not have the capacity to take and hold the said premises as trustee.

Section 6 of the Charter of "The Town of Seaford,"*Chapter* 194, *Vol.* 23, *Laws of Delaware*, *p.* 417, provides, among other things, that "The Town of Seaford" ＊ ＊ ＊ "may purchase, take, hold, and enjoy lands, tenements and hereditaments in fee simple or otherwise, and also goods and chattels, rights and credits, alien, grant, devise and dispose of the same as they may deem proper, and may do all other things which a body politic and corporate may lawfully do to carry out and effect the objects and purposes of this act." We shall confine our remarks to the single objection urged against the admission of the said record, to-wit:—The incapacity of the said corporation to take and hold said premises as trustee. If there should be any doubt as to the sufficiency of the above mentioned grant to invest the corporation with authority to take and hold the said premises upon trust, we are of the opinion that the said grant considered in connection with said *Chapter* 197, *Vol.* 25, *Laws of Delaware*, *page* 392, fully clothes the corporation with capacity to take and hold the said premises as trustee. The last mentioned act, omitting a lengthy preamble, provides as follows:

"That all the estate, right, title, power and authority vested in the trustees under and by a deed of trust, bearing date the twenty-ninth day of April, A. D. 1818, and of record in the office

of the Recorder of Deeds, in and for Sussex County in Deed Book A. K. 33, page 428, from James Conwell to Henry Little and other trustees and their successors in trust for a public burial ground, be and the same is hereby vested in "The Town of Seaford," Sussex County and State of Delaware for the purpose of carrying out the provisions of said trust, provided, however, that nothing herein contained shall be construed to authorize or empower the said "The Town of Seaford" to convey or alienate the said burial ground or any part thereof, or otherwise defeat or make void the purpose of said original trust."

It is not denied that the original trustees and the last survivor of them are deceased.

We overrule the objection, and admit the said record in evidence.

(*Mr. White* asked leave to note an exception. Exception noted).

Upon the completion of the plaintiff's testimony, *Mr. White* of counsel for defendant, moved that the Court give binding instructions to the jury to find for the defendant on the ground that the plaintiff had failed to prove title, and announced that the defendant offered no evidence.

*Mr. Jones:*—We ask that the Court give binding instructions to the jury to render a verdict for the plaintiff.

BOYCE, J.:—We must decline to give the jury binding instructions to find for the defendant.

On the contrary, the defendant having failed to introduce any evidence at all, and it appearing from the evidence introduced by the plaintiff that the title is in the plaintiff, we feel constrained to give binding instructions to return a verdict for the plaintiff, and we instruct you, gentlemen of the jury, to return a verdict of guilty in this case.

Verdict, Guilty of the trespass in ejectment, etc.